IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVORY LEE ROBINSON,

    Petitioner,

v.                                                      CASE NO. 1:06-cv-00061-MP-AK

JAMES R. MCDONOUGH, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 7, Petition for Writ of Habeas Corpus, filed by Ivory Lee Robinson. Petitioner has paid the filing fee. Respondents have filed their response, Doc. 14, with exhibits, Doc. 15, and Petitioner has filed a reply. Doc. 16. Almost two years after filing his reply, Petitioner filed a motion to supplement his habeas petition. Doc. 18. That motion will also be considered in this R&R. This cause is now in a posture for decision. Having carefully considered the matter, the Court recommends that both the motion to amend and the habeas petition be denied.

## BACKGROUND

Petitioner was convicted of attempted second degree murder and possession of a firearm by a convicted felon. He was sentenced to a minimum mandatory term of 25 years imprisonment. Petitioner filed a direct appeal, raising only one issue related to the jury instructions. Doc. 15, Ex. K. The court of appeal affirmed per curiam without written opinion. *Robinson v. State*, 888 So.2d 25 (Fla. Dist. Ct. App. 2004).

Petitioner then filed a motion for post-conviction relief. In that motion, he raised two issues: (1) that the court committed *Apprendi* error by "illegally enhancing the conviction and sentence from a second degree felony to a first degree felony," and (2) that the court erred in denying the motion for judgment of acquittal as the State "had not presented a prima facie case." Doc. 15, Ex. N. The court denied the motion without evidentiary hearing. *Id*. Petitioner appealed, and the appellate court affirmed per curiam without written opinion. *Robinson v. State*, 914 So.2d 959 (Fla. Dist. Ct. App. 2005).

Petitioner then filed a petition for writ of habeas corpus in state court. In his petition, he charged that appellate counsel was ineffective when she failed to appeal the denial of a motion in limine regarding a gun cleaning kit, attack the charging information, raise the denial of the motion for judgment of acquittal, and argue error in adjudicating Petitioner guilty as charged. Doc. 15, Ex. Y. The petition was per curiam denied on the merits. *Robinson v. State*, 923 So.2d 546 (Fla. Dist. Ct. App. 2006).

On March 29, 2006, Petitioner filed the instant habeas petition in the United States District Court for the Middle District of Florida, which later transferred the petition to this Court. In this petition, Petitioner raises the same four issues of ineffectiveness which were raised in the state court habeas petition. Doc. 7. Approximately four months after briefing in this case had concluded, Petitioner filed a successive motion for post-conviction relief in state court, raising "jurisdiction–fundamental–constitution error." Doc. 18. The state court first found the motion to be procedurally barred as untimely. Doc. 18, Attach. It then considered each of the claims and found the first, challenging the basis of the information, to be procedurally barred because it was not raised before trial, and the second, alleging a defect in the information, to be without

merit. *Id*. Petitioner appealed, and the court of appeal per curiam affirmed without written opinion. *Robinson v. State*, 2008 WL 659802 (Fla. Dist. Ct. App. Mar. 13, 2008).

Petitioner then filed the motion to supplement pursuant to Fed. R. Civ. P. 15(d) now pending before this Court. Doc. 18. In it, he seeks to raise the claims raised in the successive state court post-conviction motion.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the

Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all

that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on

post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Because most of Petitioner's claims raise the issue of appellate counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of

reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonable could have motivated counsel." *Id*. When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without evidentiary hearing. *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*. Quite

importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

1.   Failure to appeal denial of motion in limine regarding gun cleaning kit.

In this claim, Petitioner charges that appellate counsel acted ineffectively when she failed to appeal the denial of a motion in limine regarding a gun cleaning kit. As explained in a letter to Petitioner, appellate counsel rejected this as an issue for appeal for the following reasons:

> [A]lthough that issue was preserved it would be deemed harmless error by the First District Court. This is because there was other more damaging evidence linking the gun to you. Further, because it was the province of the jury to decide which evidence and/or testimony to believe, the DCA would not overturn the trial court's ruling that the kit was admissible as circumstantial evidence that you possessed a gun. Bottom line, the DCA would not find that the admission of the gun-cleaning kit was an abuse of the trial court's discretion.

Doc. 15, Ex. Y.

*Strickland* does not require appellate counsel to pursue every conceivable error which the court might have made during the course of trial. It only requires that counsel make a reasonable decision regarding appealable issues in light of the circumstances at hand, as "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Here, counsel was plainly aware of the issue regarding the admission of the gun cleaning kit but determined that it was not a winnable issue on appeal. This is precisely the type of strategic decision which is protected by *Strickland* from hindsight by a federal habeas court. This issue is therefore without merit.

    2.    Failure to raise defective bill of information as fundamental error.

In this claim, Petitioner charges that appellate counsel was ineffective in failing to

challenge the information as defective. Counsel explained her decision to Petitioner as follows: "[T]he bill of particulars issue is moot, because the original information, which, as you correctly point was erroneous, was subsequently amended based on motions filed by your trial counsel, and, you were tried only on the two counts alleged in that amended information." Doc. 15, Ex. Y. Because the issue regarding the allegedly defective information was cured before trial and was therefore, moot, there was no ground upon which to appeal, and counsel did not act ineffectively in failing to pursue a non-meritorious issue on appeal, regardless of how strongly Petitioner might believe its merits.

      3.     Failure to appeal denial of motion for judgment of acquittal.

In this claim, Petitioner charges that appellate counsel should have raised the court's denial of his motion for judgment of acquittal as an issue on appeal, after the State failed to prove ill will, hatred, spite, or evil intent. In Florida,

> A defendant, in moving for a judgment of acquittal, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. The courts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof or facts from which an ultimate fact is sought to be established, or where there is room for such differences as to the inferences which might be drawn from conceded facts, the Court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail and not primarily the views of the judge. The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.

*Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974). Attempted second degree murder "requires

that the perpetrator's act was imminently dangerous to another and demonstrated a depraved mind without regard for human life." *Mitchell v. State*, 830 So.2d 944, 946 (Fla. Dist. Ct. App. 2002).

The evidence at trial, taken in the light most favorable to the prosecution, was more than sufficient to raise a jury issue as to whether Petitioner acted with a "depraved mind" when he shot his brother-in-law in the stomach. The brother-in-law testified that Petitioner had a gun in his hand and was standing 3 to 4 feet from him when he pulled the trigger. Another witness testified that Petitioner "came out after" the victim, and that as Petitioner approached the victim, he "raised what looked like a gun" immediately before the witness heard "two loud noises." The State's firearms expert testified that the gun used to shoot the victim was a .357 magnum and that the victim was shot head-on from a distance of 3 to 12 inches. Shooting someone head-on in the stomach with a high power revolver is sufficient to submit the issue of attempted second-degree murder to the jury, and thus, raising the issue on appeal would have been frivolous. Counsel's decision not to pursue the denial of the motion for judgment of acquittal was not deficient performance.

4.  Failure to raise error in court's adjudication of guilt.

In this claim, Petitioner charges that appellate counsel acted ineffectively when she failed to raise the failure of the amended information to charge ill will, hatred, spite, and evil intent and of the jury to find the presence of this element in its verdict. He also claims that counsel should have challenged his sentence on appeal because the amended information failed to allege "great-bodily-harm," which was necessary for the imposition

of the 25-year minimum mandatory sentence.

Under Florida law, an information is sufficient if it "expressly reference[s]" the applicable statute even if it does not "trace the language" of the statute. *Cuevas v. State*, 770 So.2d 703, 704 (Fla. Dist. Ct. App. 2000). Here, the amended information not only referenced the statutory sections for attempt and second degree murder but also tracked the language of the statute itself. Thus, the amended information was plainly sufficient to withstand further attack, and counsel did not act deficiently in failing to raise the issue on appeal. *See* Fla. Stat. Ann. § 782.04(2) (second degree murder is unlawful killing of human being perpetrated by any act imminently dangerous to another and evincing depraved mind regardless of human life but without premeditation).

This analysis applies equally to the aggravating factor of "great bodily harm." The amended information put Petitioner on notice that the State was seeking the enhanced penalty under Fla. Stat. Ann. § 775.087 for use of a firearm during which great bodily harm occurred, and thus, the information was sufficient. Furthermore, though the jury was requested only to find if there was "injury" to the victim," even if counsel had raised the issue on appeal, there is not a reasonable probability that the argument would have won the day since there was abundant evidence that the victim suffered "great bodily injury," when he was shot in the stomach at point blank range with a .357 magnum, incurring over $165,000.00 in medical expenses as a result of his injuries. Thus, there was no prejudice in failing to present this issue on appeal.

     5.     Motion to supplement.

In his motion to supplement, Petitioner seeks to add two additional claims which

were not included in the original petition because he had not previously raised them in state court. They will not now be considered in this proceeding. The state court found the claims to be procedurally barred because they were untimely, and thus, they are procedurally defaulted in this Court unless Petitioner can show cause for his failure to raise the claims timely in state court and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has not offered any reason as to why he did not raise the specific challenges to the information in his previous attacks on the information, and he has not demonstrated that a fundamental miscarriage of justice will result if this Court does not consider them. Neither claim has any merit, as explained by the state court, and thus, a fundamental miscarriage of justice cannot result from this Court's refusal to consider them. The motion to supplement should be denied.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to supplement, Doc. 18, be **DENIED**;

That the petition for writ of habeas corpus, Doc. 7, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  7th  day of May, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 1:06-cv-00061-MP-AK*

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.