IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVORY LEE ROBINSON,

    Petitioner,

v.                                                              CASE NO. 1:06-cv-00061-MP-AK

JAMES R. MCDONOUGH, et al.,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, which recommends that Petitioner Robinson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 7, be denied, and that this case be dismissed with prejudice. The Magistrate Judge filed the Report and Recommendation on Wednesday, May 7, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made

    Petitioner was convicted of attempted second degree murder and possession of a firearm by a convicted felon, and was sentenced to 25 years imprisonment. After being sentenced, Petitioner filed a direct appeal, and then sought post-conviction relief after his conviction was affirmed. The state court rejected each of Petitioner's claims, and Petitioner filed the instant petition, raising the same four claims presented in his Rule 3.850 motion.

    After thoroughly reviewing each claim, the Magistrate finds that the claims in the instant petition are without merit, and that the state court's decision is not contrary to, nor an unreasonable application of, clearly established federal law. Because of this, the Magistrate

recommends that the instant petition be denied.  As to the claim that counsel was ineffective by failing to appeal the denial of the motion in limine regarding the gun cleaning kit, the Magistrate concludes that counsel was plainly aware of the issue regarding the admission of the gun cleaning kit, but determined that it was not a winnable issue on appeal.  In his objections, Petitioner claims that had this issue been brought on direct appeal, the appellate court would have granted him a new trial.  On account of the other incriminating evidence linking Petitioner to the firearm, the Court agrees with the Magistrate that even if counsel's decision was erroneous, such error would have been viewed as harmless.

Next, the Magistrate finds that because defects in the information were cured prior to trial, there was no ground upon which to appeal, and counsel was not ineffective by failing to pursue a non-meritorious issue on appeal.  Petitioner contends that the amended information still did not provide sufficient notice of the charged crime.  The two counts alleged in the amended information did give Petitioner constitutionally-sufficient notice of the charged crimes, and therefore this issue is without merit.

On the next ground, the Magistrate concludes that trial counsel's decision not to pursue the denial of the motion for judgment of acquittal was not deficient performance.  Petitioner objects that the State did not present any evidence that would allow a rational trier of fact to conclude that he acted with a "depraved mind."  As the Magistrate points out, the State presented several witnesses who testified that Petitioner shot his victim at close range with a high-powered handgun.  This is clearly an act reasonably certain to kill or do serious bodily injury to another, and thus Petitioner's claim is without merit.

Finally, the Magistrate rejects Petitioner's charge that appellate counsel was ineffective

by not raising the failure of the amended information to charge the requisite *mens rea* and of the jury to find the presence of this element in its verdict.  The amended information both referenced the statutory sections for the charged crime, and tracked the express language of the statute.  The Court finds that counsel was not ineffective by failing to present this issue on appeal.

Based on this, the Court agrees with the Magistrate that Petitioner's claims are not supported by the record, and that the state court's ruling is entitled to deference and does not violate § 2254(d).  Also, since the motion to supplement contains claims that were not included in the original petition, and were not previously raised in state court, the Court agrees with the Magistrate that they should not be considered in this proceeding.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Petitioner Robinson's petition for writ of habeas corpus, Doc. 7, is DENIED, and this case is DISMISSED WITH PREJUDICE.

3. That the motion to supplement, Doc. 18, is DENIED

**DONE AND ORDERED** this __16th__ day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge