IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVORY LEE ROBINSON,

    Petitioner,

v.                                                      CASE NO. 1:06-cv-00061-MP-AK

JAMES R. MCDONOUGH, et al.,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 26, Motion for Certificate of Appealability, filed by Petitioner Ivory Robinson. The Court therefore has two issues before it: whether Petitioner should be granted a Certificate of Appealability ("COA"), and if so, which issues should be certified for appeal. Having considered the facts of this case and the applicable law, the Court finds that Petitioner's request should be DENIED.

The COA requirement is a result of amendments made to 28 U.S.C. § 2253 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. All appeals of habeas petitions which are filed after April 24, 1996, the effective date of the AEDPA, require that a habeas petitioner first receive a COA before a circuit court can hear the petitioner's appeal. See Hunter v. United States, 101 F.3d 1565, 1573 (11th Cir. 1996) (en banc), cert. denied, 117 S.Ct. 1695, 137 L.Ed.2d 822 (1997). Pursuant to the statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). Section 2253(c)(3) requires the district court to indicate which specific issues, if any, a habeas petitioner is entitled to raise.

In order to make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Lozada v. Deeds, 498 U.S. 430, 432, 111 S.Ct. 860, 862, 112 L.Ed.2d 956 (1991) (brackets in original) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4, 103 S.Ct. 3383, 3394, n.4, 77 L.Ed.2d 1090 (1983)). If a petitioner fails to make such a showing, his or her request for a COA must be denied. See, e.g., United States v. Riddick, 104 F.3d 1239, 1241 (10th Cir. 1997).

In this case, Petitioner Robinson alleged in his petition for habeas corpus that trial and appellate counsel were ineffective on several grounds.  The Magistrate found, and the Court agreed, that because the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law, Petitioner was not entitled to relief.  At trial, the State presented extensive incriminating evidence linking Petitioner to the firearm, as well as the testimony of several witnesses who testified that Petitioner shot his victim at close range with a high-powered handgun.  Since the jury had ample evidence to find that the gun belonged to Petitioner and that he acted with a depraved mind, any alleged error raised by Petitioner would be viewed as harmless.  Based on this, the Court finds that no reasonable jurist would debate the fact that Petitioner Robinson's petition for habeas corpus was properly dismissed. Therefore, because Petitioner cannot make a substantial showing of a violation of a constitutional right, the Motion for Certificate of Appealability is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner Robinson's Motion for a Certificate of Appealability, Doc. 26, is DENIED.

2. The Clerk is directed to forward a copy of this order and an updated docket sheet to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this   *30th* day of June, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge